[No. C.D. 6558. En Banc. March 26, 1981.]

*In the Matter of the Disciplinary Proceeding Against* ANTON J. MILLER, *an Attorney at Law.*

*Robert T. Farrell,* for Bar Association.

*Anton J. Miller,* pro se.

Per Curiam.—This is an attorney disciplinary proceeding referred to this court upon the attorney's refusal to accept a reprimand. DRA 5.6(e), (h).

Respondent attorney was charged with approving a stipulated judgment against his clients without their authority and with allowing that judgment to be entered without advising the court of his lack of authority. After a careful review of the entire record, we approve the reprimand.

This proceeding arose out of respondent attorney's involvement in a real estate transaction. Respondent sued the sellers on behalf of the buyers to recover the $300 earnest money paid and also sued the real estate brokers to cancel a purported assignment to the sellers of moneys due his clients from the brokers. The sellers denied plaintiffs' allegations and counterclaimed for specific performance or alternatively for a judgment of $15,750.

The case was set for trial. During the several days before trial the respondent attorney and the defendants' attorney discussed settlement. The versions of the two attorneys are in direct conflict. Respondent attorney contends that he, with authority, agreed and only agreed that his clients would specifically perform. The defendants' attorney concurs that there was an agreement for specific performance, but adds that respondent also agreed that if his clients did not perform, then they would be subjected to a judgment of $14,000.

These negotiations, regardless of which version is correct, resulted in the defendants' attorney appearing at respondent's office with a proposed stipulated judgment providing for specific performance and an alternative money judgment of $14,000. Again their recollections of what transpired at that meeting are diametrically opposed. No one

else witnessed the event. The attorney for the defense testified that respondent approved the judgment without question while respondent stated that he strongly and persistently protested that he lacked authority to sign such a judgment and that it would be a nullity. Respondent contends that

> Mr. Hahn [defense attorney] obtained my signature on that proposed judgment through the use of blatant blackmail; i.e., he threatened to go to court to present his case that morning if I did not sign; he then full–well knowing that I was totally unprepared to go to trial, i.e., my witnesses were out of State with the belief that the case had been settled and that there would, of course, be no trial.

After respondent signed the stipulated judgment, "Approved for Entry: /s/ Anton J. Miller, Attorney for Plaintiffs", defendants' attorney presented the judgment to the court. The judge signed it that day and it was entered.

The plaintiffs did not specifically perform, and, upon learning that defendants intended to collect the money judgment, respondent attorney moved to vacate the money damages portion of the judgment on the grounds that he lacked authority. A visiting judge did so vacate. The file is not complete, but it appears that an order was entered requiring the sellers to sell to the clients of respondent and when sellers did not, respondent started another suit to collect damages arising from the failure.

The hearing officer found that the attorneys had agreed to the stipulated judgment as entered and while respondent did not have authority to enter into the alternative damages provision, he did not reveal such lack of authority to the defense attorney or to the court. The hearing officer, concluding that respondent attorney's conduct was a violation of DRA 1.1(i) in that it was a breach of (CPR) DR 1–102(A)(4) and (CPR) DR 1–102(A)(5), recommended a reprimand. The Disciplinary Board adopted the findings, conclusions and recommendation of the hearing officer.

Respondent's objections to accepting the reprimand are: (1) denial of his request that he take a polygraph examination concerning this matter and the results be admitted into evidence; (2) denying him an additional hearing; (3) making certain findings; (4) concluding that his conduct was prejudicial to the administration of justice; and (5) ordering any discipline.

We need not explore respondent's polygraph offer. He vigorously and sincerely contends that he was telling the truth about his conversation with the defense attorney, that he vehemently asserted his lack of authority and that the polygraph would prove his veracity. Respondent's indignation and frustration at having the other attorney's version accepted by the hearing officer is understandable.

Nonetheless, no matter how important it is to respondent and the defense attorney to determine who was telling the truth about their settlement conversations, that is not the basis for our decision. Respondent's action in signing a stipulated judgment and allowing its entry without client authority is the justification for discipline. Even if the polygraph proved respondent's version was absolutely correct, and we have no doubt that respondent so believes, it does not remove or mitigate the admitted facts that he signed the judgment without authorization and allowed its presentation and entry without disclosure to the court. Thus, there was no abuse of discretion in denying a polygraph test. We express no opinion as to whether such a test should have been authorized if the testimony were relevant.

The same is true as to respondent's request for another hearing. His intent was to call his clients to prove his lack of authority. The above analysis controls. That his clients did not authorize the alternative money judgment would lend support to respondent's version, but does not prove what respondent said to the defense attorney. Respondent's request for an additional hearing was made only after the original hearing and after the hearing officer had entered his findings. At the original hearing, after both attorneys

had testified, the hearing officer specifically asked respondent whether he wished to offer any additional testimony or witnesses. He said that he did not. An additional hearing was not justified.

■ Respondent's objections to certain factual findings are without merit. There was substantial, albeit disputed, testimony supporting those findings. "Although a panel's findings of fact do not have the force of formal findings made by a trial judge, they are made by persons chosen to make them according to rules established by this court in carrying out its disciplinary activities." While we review and evaluate the entire record, because of our ultimate discipline responsibility, we ordinarily will not disturb the findings of fact made upon conflicting evidence. *In re Kennedy*, 80 Wn.2d 222, 230, 492 P.2d 1364 (1972) and cases cited therein.

■ We reject respondent's contention that even if the facts are as found by the hearing officer and adopted by the Disciplinary Board, his conduct was not prejudicial to the administration of justice. His actions caused the court to enter a judgment which he justifies on the ground that it was a nullity due to his lack of authority. It caused a motion to vacate, required a defense and necessitated another judge to hear the vacation motion. Simply permitting the entry of such a judgment without disclosure to the court is prejudicial to the administration of justice.

Respondent has maintained steadfastly that his conduct merits no discipline of any kind. His attitude is shown by his testimony:

> I never denied that I might have done something differently. I was just between a rock and a hard place. I acted as best I could in the circumstances. I certainly may have had a slightly empty head, but I also had a white heart and I don't say I did have an empty head. I suspect I would do the same thing again. Well, I suspect what I would do next time would be to try and mark up the Judgment somehow to indicate that I was signing under protest and I did lack the authority.

The hearing officer and the Disciplinary Board believed that a reprimand was justified. So does this court. It is so ordered pursuant to DRA 5.6(g).

Reconsideration denied April 23, 1981.