[No. C.D. 6396. En Banc. February 18, 1988.]

*In the Matter of the Disciplinary Proceeding Against* MARY FUNG KOEHLER, *an Attorney at Law.*

---

[25]*See* RCW 9A.88.030, .050.

*Leland G. Ripley,* for Bar Association.

*Mary Fung Koehler,* pro se, and *Diamond & Sylvester,* by *Lee Kraft.*

DURHAM, J.—Attorney Mary Fung Koehler appeals from the unanimous recommendation of the Disciplinary Board (Board) of the Washington State Bar Association that she be suspended from the practice of law for 1 year. The bar association petitions this court pursuant to Rule for Lawyer Discipline 3.2 for an order suspending Koehler immediately pending the outcome of proceedings to determine her competence to defend herself in another disciplinary proceeding. Finally, Koehler moves for a stay of proceedings in this appeal pending the outcome of the competency hearing. Following oral argument in this matter, we granted the bar association's petition for immediate suspension by order dated January 31, 1986.[1]

Koehler argues that the findings of fact and conclusions of law entered by the Board are not supported by the evidence. We disagree and adopt the Board's recommendation.

Koehler was admitted to the practice of law in the State of Washington on November 22, 1968. In 1977, Koehler received a letter of censure for conduct which violated Disciplinary Rule 1–102(A)(4) of the Code of Professional Responsibility. The censured conduct involved misrepresentation to opposing counsel in a dissolution proceeding regarding the disposition of proceeds from a sale of real

---

[1]The filing of this opinion has been stayed at the parties' request to facilitate resolution of Ms. Koehler's difficulties.

property of the parties. In 1981, this court suspended Koehler for 60 days for failure to render accountings and remit funds to clients. Imposition of this sanction was suspended for 2 years, however, on the following condition:

> [T]hat [Koehler] periodically provide review of her accounting system to assure that time slips, charges and costs expended for clients are being regularly and systematically recorded and periodic statements are produced to clients.

*In re Koehler*, 95 Wn.2d 606, 612, 628 P.2d 461 (1981).

The present appeal is from disciplinary proceedings based on the complaints of two clients, Judy Mosbrucker and Joan Bowyer. Mosbrucker retained Koehler in August 1980 for a dissolution action. The trial began in March 1981 in Snohomish County Superior Court. After 2½ weeks in trial, the judge issued an order on his own motion limiting the time in which Mosbrucker, through Koehler, could present her case in chief. Throughout the trial, Koehler made groundless accusations and insinuations against opposing counsel, his client and the judge, and otherwise delayed and obstructed the progress of the trial. This conduct included attempting to place a value on property never established as being owned by the parties, questioning witnesses on points which had already been admitted, and calling the participants liars. Koehler also repeatedly demanded that the judge read all exhibits during her examination of witnesses, even though he informed her that he would read them later. The trial lasted 5 weeks and could have been concluded much earlier but for Koehler's delays and obstruction.

During the trial, Koehler submitted an affidavit to the court claiming $37,000 attorney fees, $4,000 "Associate Attorneys' and Paralegals' Fee" and $3,000 "Assisting Out of Area Attorneys Fees and Investigative Costs". At the trial's conclusion, Koehler asked for an award of $75,000 as her attorney fees. The judge found that the amount was clearly excessive and that a reasonable fee was $7,500. After the trial was completed, Koehler provided Mosbrucker with

a "rough cost bill" for $66,629.73 in fees and stated that this was not a final accounting. No other bill for fees or costs was ever provided. Koehler had also agreed to allow Mosbrucker credit for photography work performed by the client, but no credit was ever given for the work performed.

After Mosbrucker refused to give Koehler a mortgage to secure fees not fully determined and not agreed to, Koehler filed an attorney's lien against her client's home in Snohomish County, still without having given her client a final billing. Such attorney's liens on real property were subsequently disallowed by this court in *Ross v. Scannell,* 97 Wn.2d 598, 647 P.2d 1004 (1982). Koehler delayed removing the lien on her client's property for over 2 years after the *Ross* decision was filed, and for over 1 year after bar association counsel wrote to her requesting that she remove the lien, providing a copy of *Ross v. Scannell.*

The second complaint which led to the disciplinary proceedings appealed from was filed by client Joan Bowyer. Bowyer consulted Koehler in September 1974 for assistance in collecting delinquent child support. In November 1975, during the course of an action to modify her divorce decree, Bowyer executed a mortgage, which was later recorded, to secure payment of "not to exceed" $2,000 in legal fees. Koehler subsequently performed various legal services for Bowyer over an 8–year period, some related to the dissolution modification and some not, but never provided her client with a bill or an accounting even though both Bowyer and her former husband made substantial payments to Koehler.

In May 1983, Bowyer attempted to use her home as collateral for a bank loan. Koehler refused to accept $2,000 and release the mortgage or to provide a statement of fees owed, and did not release the mortgage until she had been paid $8,338.40. Bowyer was thus required to obtain a larger loan with attendant interest.

Following complaints by Mosbrucker and Bowyer, Koehler was charged by the bar association with violations of numerous provisions of the Rules for Lawyer Discipline and

the Code of Professional Responsibility. A bifurcated disciplinary hearing was held and Koehler appeared pro se at the initial fact–finding stage on October 22, 1984. Hearing Officer Claude M. Pearson found that the bar association counsel had met the burden of proof on every count charged.

During the second stage of proceedings to determine a sanction on March 12, 1985, Koehler was represented by counsel. The hearing officer recommended that Koehler be suspended for 1 year, but as an alternative, that she be suspended for 60 days and be on probation for 10 months provided she accept certain conditions in writing. The conditions included an admission of error, cancellation of the Mosbrucker fee, refund of interest to Bowyer, payment of costs to the bar association, and proof that, before reinstatement, she sent an itemized billing to each client and entered into a fee agreement with each client. During the 10–month period of suspension, Koehler was to report through her attorney on her billing frequency and fee agreement arrangements. She was also not to file any attorney's liens or mortgages unless the amount was liquidated and the subject of an itemized billing.

The Board then adopted the hearing officer's findings, conclusions, and recommendations by a unanimous vote of 9 to 0. (It later ordered costs and expenses of $14,958.64 assessed against Koehler.) Koehler appealed to this court.

While the appeal of the Mosbrucker and Bowyer matters was pending, another disciplinary proceeding against Koehler began on October 28, 1985. The bar association, *inter alia*, charged her with neglecting a legal matter and disobeying this court's directive in *In re Koehler, supra*, while representing Nancy Sexsmith, and with collecting a clearly excessive fee and failing to account for client funds, while representing Albert and Beverly Hirsh.

At the commencement of a disciplinary hearing on the Sexsmith and Hirsh matters, Koehler, appearing pro se, asked for and was granted a continuance "for medical reasons". A letter submitted later from Dr. Jerry C. Steiert,

Koehler's psychiatrist, stated that Koehler was suffering from "chronic hypomania [a milder form of manic–depressive illness] which has apparently been present for years but has become more intense the past few years." Dr. Steiert had started Koehler on lithium carbonate medication to which she was experiencing an adverse reaction, including loss of energy, thought disorganization, and memory difficulties. In his opinion, Koehler was unable to defend herself in the disciplinary proceedings because of the effect of the medication. The hearing officer concluded that the disciplinary proceedings be stayed pending a supplemental hearing to determine if Koehler could conduct a proper defense as required by RLD 10.2 and *In re Meade,* 103 Wn.2d 374, 693 P.2d 713 (1985). Koehler has not retained counsel in that matter; one is being appointed for her pursuant to RLD 10.2(d).

The bar association then petitioned this court pursuant to RLD 3.2 for the immediate suspension of Koehler pending the outcome of the proceedings to determine her competence to defend herself. The bar association counsel's affidavit attached to the petition for suspension indicated that additional complaints against Koehler are currently under investigation, involving the handling of client funds, billing practices, and neglect.

Koehler, in turn, moved this court for a stay of the oral argument scheduled before us on the Mosbrucker and Bowyer appeal, pending the outcome of the competency hearing. Her counsel, citing *In re Meade, supra,* argued that if it is found that Koehler is not presently competent to defend herself, then the Mosbrucker and Bowyer disciplinary hearing held over 1 year ago must be vacated because she acted pro se in that hearing. The Clerk of the Supreme Court, following a conference call with counsel, passed the motion for stay to the court for decision on the merits.

We deny the motion for stay of these proceedings. The evidence placed before this court does not convince us that

it was more probable than not that Koehler was incompetent to defend herself at the October 1984 disciplinary hearing on the Mosbrucker and Bowyer matters. Two affidavits which address the question have been submitted, one from Hearing Officer Pearson by the bar association and one from Dr. Steiert by Koehler. Hearing Officer Pearson states from his firsthand observation of Koehler in the Mosbrucker and Bowyer hearings that she appeared to be competent at all times:

> She [Koehler] followed the testimony closely and was quick to object and react to favorable or unfavorable testimony.
>
> She was at that time—both phases of the hearing—a hyperactive, intense and formidable lawyer and personality.

Koehler's assertion in her reply brief that she was suffering from severe pain during the hearing due to an automobile accident 1 year earlier was countered by Pearson's observation that she was suffering some discomfort but not excruciating pain.

Against the hearing officer's firsthand observation, we have only an affidavit of Dr. Steiert giving his opinion that Koehler would have been incapable of competently representing herself 1 year before she consulted him for treatment. This amounts to speculation about Koehler's former mental condition and does not convince us of her incompetency when contradicted by the firsthand observations of the hearing officer.

*In re Meade, supra,* does not support Koehler's position. In *In re Meade, supra,* an attorney was transferred to disability inactive status following a competency hearing which found that he did not have adequate mental capacity to practice law or to defend himself pro se. We then vacated a prior disciplinary hearing because of the hearing officer's contemporaneous observations questioning Meade's mental condition and the uncontroverted testimony of

Meade's psychiatrist that he had not been capable of representing himself at the hearing. *In re Meade, supra* at 380–82.

We also deny Koehler's appeal on the merits, adopt the Board's recommendation, and suspend Koehler from the practice of law for 1 year. The period of suspension shall be from January 31, 1986 to January 31, 1987.

Koehler challenges virtually all of the adopted findings of the hearing officer. She asserts that Mosbrucker's testimony should be disregarded on grounds of lack of personal knowledge, incompetence to testify, bias, and discrepancies in the testimony. She also attacks the findings and conclusions individually to support an assertion that they are not supported by a clear preponderance of the evidence.

Bar association counsel argues, in response, that Koehler's arguments on the evidence have been rejected by the hearing officer and the Board. He quotes from a recent opinion which discussed Supreme Court review of disputed findings of fact in attorney disciplinary hearings in these terms: "While we review and evaluate the entire record, because of our ultimate discipline responsibility, we ordinarily will not disturb the findings of fact made upon conflicting evidence." *In re Denend,* 98 Wn.2d 699, 704, 657 P.2d 1379 (1983) (quoting *In re Miller,* 95 Wn.2d 453, 457, 625 P.2d 701 (1981)).

This principle is well established and was reaffirmed recently in *In re McLeod,* 104 Wn.2d 859, 865, 711 P.2d 310 (1985) ("the Board's recommendation should be affirmed unless this court can articulate a specific reason to reject the recommendation", following *In re Stock,* 104 Wn.2d 273, 284, 704 P.2d 611 (1985) and *In re Noble,* 100 Wn.2d 88, 95, 667 P.2d 608 (1983)). *See also In re Kennedy,* 80 Wn.2d 222, 230, 492 P.2d 1364 (1972) and cases cited therein. We find the evidence sufficient to support the Board's findings.

32

The appellant is suspended from practice for a period of 1 year commencing January 31, 1986.

UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, CALLOW, and GOODLOE, JJ., and HAMILTON, J. Pro Tem., concur.